UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE YASSA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANN STARR, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-01415-DJC-AC<br><br><br>ORDER |

　　　　This is an unlawful detainer action brought under California state law by Plaintiff Nadine Yassa against Defendants Ann Starr, Adam Fakhreddine, and Al Fekhreddine. On Tuesday, May 20, 2025, Defendants filed a Notice of Removal in federal court, seeking to remove this action from Sacramento County Superior Court. (Notice of Removal (ECF No. 1).)

　　　　A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal

courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

      Defendants suggest that removal is proper based on the basis of federal question jurisdiction. (Notice of Removal at 2–3.) Defendants state that "Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2.) "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted) (quoting *Audette v. Int. Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily

2

appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, Defendants have not shown that removal of this action to this federal court is appropriate.  Plaintiff's Complaint is a straightforward unlawful detainer action that is based entirely on state law.  A federal claim is not raised in the complaint. (Notice of Removal at 4–9.)  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California*, 215 F.3d at 1014.   The cause of action brought by Plaintiff here is plainly based on state law.  Defendant's reliance on federal law in defending against Plaintiff's state law claims does not suffice to confer jurisdiction on this Court because the defensive invocation of federal law cannot form the basis of this Court's jurisdiction.  *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.  Because there is no federal question appearing in Plaintiff's Complaint in this case, removal on the basis of federal question jurisdiction is improper.

Defendants' Notice of Removal also references 28 U.S.C. § 1441(b), which is used for removal based on diversity of citizenship under 28 U.S.C. § 1332.  Removal would still be improper based on diversity jurisdiction.  As indicated by Defendants themselves, Plaintiff and at least one Defendant are residents of California.  (*See* ECF No. 1-1.)  Complete diversity of citizenship is required for the Court to have

////

1  jurisdiction under section 1332.  Defendants have not established that there is
2  complete diversity of citizenship.
3     Moreover, the Court only has diversity jurisdiction under section 1332 where
4  the amount in controversy in the action exceeds $75,000.  In determining the amount
5  in controversy, courts first look to the complaint.  *Ibarra v. Manheim Inv., Inc.*, 775 F.3d
6  1193, 1197 (9th Cir. 2015).  Generally, "the sum claimed by the plaintiff controls if the
7  claim is apparently made in good faith."  *Id.*  (quoting *St. Paul Mercury Indem. Co. v.*
8  *Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Defendant, as the removing party, has failed
9  to establish by a preponderance of the evidence that the amount in controversy
10 exceeded the jurisdictional threshold at the time of removal.  *See Canela*, 971 F.3d at
11 849 (quoting *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996)).
12 Plaintiff's Complaint seeks $15,300 in unpaid rent and $57.33 per day accruing from
13 March 12, 2025.[1]  (Notice of Removal at 19–20.)  This amount falls well below the
14 $75,000 amount in controversy requirement.  Thus, Defendant has failed to establish
15 that this Court has diversity jurisdiction both due to a lack of complete diversity and
16 the amount in controversy.  *See Canela*, 971 F.3d at 850.
17    Because there is no federal question appearing in Plaintiff's Complaint and
18 because neither the complete diversity and amount in controversy requirements for
19 diversity jurisdiction are not satisfied, Defendants have failed to properly invoke this
20 Court's jurisdiction.  Remand to the Sacramento County Superior Court is therefore
21 appropriate and mandatory.  28 U.S.C. § 1447(c); *Konrad v. Williams*, 2021 WL
22 3159811 (E.D. Cal. June 2, 2021) (remanding an unlawful detainer action to state court
23 where the defendant claimed the action involved the Fair Housing Act but no such
24 claim was raised in the complaint.)
25 ////
26 ////
27
28 [1] The Court also notes that the unlawful detainer action is filed as a limited action that does not exceed $35,000.  (Notice of Removal at 7.)

4

Accordingly, the Court hereby REMANDS this case to Sacramento County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated:   **May 21, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – yassa25cv01415.unlawfuldetainer

5